**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION**

| | |
|---|---|
| MARK FULLER, Individually and on behalf of all other similarly situated, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>COUNTY OF CHARLESTON a/k/a Charleston County, AL CANNON as Sheriff of Charleston County, )<br>)<br>)<br>Defendants. )<br>_____) | C.A. No.: 8:04-1193-PMD-BHH<br><br>**ORDER** |

This matter is before the court upon the recommendation of the Magistrate Judge that Defendants' Motions for Summary Judgment be granted. The record contains the report and recommendation of a United States Magistrate Judge ("the R&R"), which was made in accordance with 28 U.S.C. § 636 (b)(1)(B). A party may object, in writing, to a report and recommendation within ten days after being served with a copy of that report. 28 U.S.C. 636 (b)(1). Plaintiff has filed timely objections to the R&R.

**I. BACKGROUND**

Plaintiff Mark Fuller ("Plaintiff" or "Fuller") brought this action on April 15, 2004. In his fourth amended complaint, filed on July 14, 2004, Plaintiff alleges that on or about March 25, 2004, he was a federal detainee being held in the Charleston County Detention Center ("Detention Center") when he was assaulted by another inmate and seriously injured. He alleges that his injury was the result of the deliberate indifference of the Charleston County Detention Center. (4th Amended Comp. ¶¶ 5-7.) Specifically, Plaintiff alleges that Defendant acted with reckless

1

indifference in failing to prevent the assault, and in failing to render timely health care following the attack.

In the same Complaint, Plaintiff also alleges that certain expungement fee procedures employed by solicitors in all counties in South Carolina are unconstitutional. (4th Amended Comp. ¶¶ 31-44.) He therefore brings an action against all Solicitors in South Carolina, alleging that he and other similarly situated citizens should not have to pay $150.00 in order to obtain an expungement of criminal records. Plaintiff claims that the expungement fee denies Plaintiff and other similarly situated persons due process and equal protection of the law as guaranteed by the Fourteenth Amendment. By order filed August 23, 2004, the Magistrate bifurcated the expungement issues from the issues pertaining solely to the Detention Center.

On August 9, 2005, the defendant solicitors filed a motion for summary judgment on the expungement issue. On the same day, the defendants Charleston County and Sheriff Al Cannon also moved for summary judgment. The Magistrate recommended that both motions for summary judgment be granted.

## II. STANDARD OF REVIEW

### A.     Magistrate Judge's R&R

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 269 (1976). A party may object, in writing, to a Magistrate Judge's report within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). The court reviews *de novo* those portions of the R&R to which a specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate

Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). The court has reviewed the entire record, the R&R, and Plaintiff's objections. The court adopts the R&R in whole and incorporates it into this Order.

### B.    Legal Standard for Summary Judgment

To grant a motion for summary judgment, the court must find that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(c). The judge is not to weigh the evidence but rather must determine if there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). All evidence should be viewed in the light most favorable to the nonmoving party. *Perini Corp. v. Perini Constr., Inc.*, 915 F.2d 121, 123-24 (4th Cir. 1990). "[W]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, disposition by summary judgment is appropriate." *Teamsters Joint Council No. 83 v. Centra, Inc.*, 947 F.2d 115, 119 (4th Cir. 1991). "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The "obligation of the nonmoving party is 'particularly strong when the nonmoving party bears the burden of proof.'" *Hughes v. Bedsole*, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting *Pachaly v. City of Lynchburg*, 897 F.2d 723, 725 (4th Cir. 1990)). Summary judgment is not "a disfavored procedural shortcut," but an important mechanism for weeding out "claims and defenses [that] have no factual bases." *Celotex*, 477 U.S. at 327.

3

### III.  OBJECTIONS

**A.     The Solicitors' Motion for Summary Judgment**

The Magistrate recommended that the Solicitors' Motion for Summary Judgment be granted. She found that, because Plaintiff does not allege that he has been denied an expungement but merely claims an inability to pay $150.00, Plaintiff has failed to establish that he has standing to pursue this claim.  In the alternative, the Magistrate found that Plaintiff has failed to describe a constitutional violation because there is no constitutional right to expungement of criminal records and, in any event, one is not required to go through a solicitor in order to expunge one's record.  It is uncontested that citizens may still complete the paperwork on their own or hire an attorney to do it for them.  Further, because Plaintiff is not a member of any constitutionally protected class, the expungement fee system need only be rationally related to a legitimate state purpose to be presumptively valid.  In this case, the Magistrate found that "the fee is meant to offset the administrative costs of assisting citizens with the expungement process, a legitimate state purpose." (R & R at 10.)  As such, the fee is not a violation of the equal protection clause.  Accordingly, the Magistrate recommended that Defendant Solicitors' Motion be granted.

Plaintiff objects that his assertion that he does not have the $150.00 fee *does* give him standing to pursue this claim; however, Plaintiff does not object to the Magistrate's finding that the requirement of a fee to process the expungement of a criminal record is not a violation of his constitutional rights.  In the absence of specific objections, the court need not perform a *de novo* review, but merely reviews the Magistrate's recommendation for plain error.  *See Thomas v. Arn*, 474 U.S. 140 (1985).  The court has reviewed the Magistrate's R&R and finds no such error. Accordingly, the court adopts the Magistrate's finding that Plaintiff has failed to present sufficient

evidence of a constitutional violation. The Solicitors' Motion for Summary Judgment is therefore granted.

**B.     The County of Charleston and Sheriff Al Cannon's Motion for Summary Judgment**

The Magistrate recommended that Defendants Charleston County and Sheriff Cannon's Motion for Summary Judgment be granted because Plaintiff has failed to present sufficient evidence that Defendants acted with the requisite deliberate indifference. Plaintiff objects that he did present sufficient evidence of deliberate indifference (1) to dangerous prison condition and (2) to his serious injury and that therefore the Magistrate's recommendation is in error. The court reviews the Magistrate's reasoning and Plaintiff's objections regarding each claim.

**1.     Prison Conditions/ Assault by Inmate**

In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both "(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials." *Williams v. Griffin,* 952 F.2d 820, 824 (4th Cir.1991) (citation omitted). An officer is deliberately indifferent to a substantial risk of harm when that officer "knows of and disregards" the risk. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). "Deliberate indifference is a very high standard - a showing of mere negligence will not meet it." *See Grayson v. Peed,* 195 F.3d 692, 695 (4th Cir. 1999). In order to be liable under this standard, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* Occasional, isolated attacks by one prisoner on another may not constitute cruel and unusual punishment, absent some evidence that the prison officials actually were aware of the risk of harm. *Penn v. Oliver*, 351 F.Supp. 1292 (E.D.Va. 1972). In this case, the Magistrate found that a fellow prisoner's assault on

Plaintiff did not constitute cruel and unusual punishment because Plaintiff presented no evidence that the prison officials knew that the attack was likely. Neither the Detention Center records nor any testimonial evidence established that there was any "ill will" between Plaintiff and his assailant prior to the attack. Accordingly, the Magistrate concluded that Plaintiff did not present sufficient evidence of deliberate indifference to sustain the claim.

Plaintiff objects that he has presented sufficient evidence that prison officials were deliberately indifferent to the danger of assault posed by overcrowded prison conditions. Plaintiff claims that the fact that prison officials placed him, a "white collar" criminal, with his assailant, "who was incarcerated for a brutal murder," constitutes sufficient evidence of a deliberate indifference to dangerous conditions. (Objections at 2.) He asserts that "based on established classification policies practices or procedures the Jail Management knew, or should have known, that incarcerating Plaintiff with a brutal alleged murderer would constitute a risk to [his] health, safety and well being." (Objections at 2.) Further, Plaintiff alleges that the overcrowding of the Detention Center, which is uncontested, forced the prison officials to ignore their own classification system and, with full knowledge of the potential harm, place Plaintiff with an inmate known to be violent.

The court rejects this argument. The fact that Plaintiff was put in contact with other inmates, some of whom were incarcerated for violent crimes, is not evidence of any actual knowledge on the part of the prison officials that Plaintiff was in danger. As the Supreme Court has held, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Brennan*, 511 U.S. at 838. Absent some evidence that prison officials were subjectively aware that this inmate

6

was likely to attack Plaintiff, the mere fact that the attacking inmate was classified as potentially violent cannot constitute deliberate indifference. Accordingly, the court finds that the Magistrate correctly recommended that Defendants' summary judgment motion be granted.

### 2. Deliberate Indifference to Serious Injury

It is well established that deliberate indifference by prison personnel to an inmate's serious illness or injury is actionable under 42 U.S.C. § 1983 as constituting cruel and unusual punishment contravening the Eighth Amendment. *Estelle v. Gamble,* 429 U.S. 97, 104-05 (1976). The Magistrate noted, and this court agrees, that to prove a claim of deliberate indifference to a serious injury under the Eighth Amendment,[1] a plaintiff must show that a defendant's "action or inaction [1] result[ed] in or creat[ed] a sufficiently serious risk of a deprivation that objectively results in denial of the 'minimal civilized measure of life's necessities' and [2] a 'sufficiently culpable state of mind.'" *Winfield v. Bass,* 106 F.3d 525, 531 (4th Cir. 1997) (quoting *Farmer v. Brennan,* 511 U.S. 825, 831-34 & n. 2 (1994)) (emphasis added). As described above, in order to be liable for deliberate indifference, the plaintiff must prove that the official was both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and also that he had drawn the inference. *See Young v. City of Mount Rainer*, 238 F.3d 567, 575-76 (4th Cir. 2001)

---

[1] Plaintiff also asserts his deliberate indifference to a serious medical need claim under the Fourteenth Amendment, but only argues that Defendants' actions violated the prohibition of cruel and unusual punishment contained in the Eight Amendment. While pretrial detainees' right to medical care may be protected by the Fourteenth Amendment, it appears that Plaintiff's claim is more properly framed as an Eight Amendment claim. In any case, the governing standard is the same under either Amendment. *See, e.g., Lancaster v. Monroe County, Alabama,* 116 F.3d 1419, 1425 n. 6 (11th Cir. 1997) ("The minimum standard for providing medical care to a pretrial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eight Amendment for a convicted prisoner; both the right to due process and the right to be free from cruel and unusual punishment are violated by a government official's deliberate indifference to serious medical needs.").

("Deliberate indifference requires a showing that the defendants . . . actually knew of and ignored a detainee's serious need for medical care."). The mere fact that a prisoner may believe he had a more serious injury or that he required better treatment does not establish a constitutional violation. *See, e.g., Russell v. Sheffer,* 528 F.2d 318, 319 (4th Cir. 1975).

As the Magistrate noted, the only support for Plaintiff's claim of serious injury as a result of the allegedly inadequate medical care is contained in his own affidavit. It is well established that a court does not abuse its discretion by striking portions of a party's affidavit consisting of conclusory statements or self-serving opinions without objective corroboration. *See Evans v. Technologies Application & Service Co.,* 80 F.3d 954, 962 (4th Cir.1996). Here, Plaintiff cannot defeat Defendant's well-supported Motion for Summary Judgment by simply averring in his affidavit that he suffers from double vision as a result of his inadequate treatment. *See Larken v. Perkins*, 22 Fed. Appx. 114, *1 (4th Cir. October 29, 2001) (noting that the district court properly found a party's "own, self-serving affidavit[s] containing conclusory assertions and unsubstantiated speculation" insufficient to stave off summary judgment.); *National Enterprises, Inc. v. Barnes,* 201 F.3d 331, 335 (4th Cir. 2000) ("Marvin J. Barnes' self-serving affidavit describing the content of the repurchase agreements is not enough to defeat National's motion for summary judgment."); *Ross v. Communications Satellite Corp.*, 759 F.2d 355, at 365 (4th Cir.1985) (holding that unsupported allegations "do not confer talismanic immunity from Rule 56."). Accordingly, the Magistrate correctly recommended that Defendants' Motion for Summary Judgment must be granted.

Plaintiff objects that while "there is no medical evidence to support the Plaintiff's affidavit, [l]ikewise there is no evidence that it is not present." (Objections at 3.) This objection is nonsensical. Plaintiff suggests that this court ignore the well established principle that, after a

8

defendant makes a motion for summary judgment, the *plaintiff* bears the burden of making a showing sufficient to establish the existence of every element essential to that party's case. Defendants are under no obligation to present evidence *disproving* any elements of Plaintiff's claim. As the Magistrate very correctly explained, some affirmative showing, more significant than conclusory and self-serving allegations, is required to survive summary judgment. *White v. Boyle*, 538 F.2d 1077, 1079 (4t Cir. 1976) (conclusory allegations insufficient to avoid summary judgment). Because Plaintiff fails to present evidence of this essential element to his case, the court has no choice but to grant Defendants' motion.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' Motions for Summary Judgement are hereby **GRANTED.**

**AND IT IS SO ORDERED.**

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**March 3, 2006.**

9